[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 103
The plaintiff, Lise-Lotte Knudsen, brought a complaint dated April 28, 1995, against the defendants, Georgia Buettner, Shawmut Bank Connecticut N.A. and Thomas V. Battaglia, Jr. (defendants), that was returned to the court on May 16, 1995.
Therein, Knudsen alleges that the defendants committed perjury, violated CUTPA, General Statutes § 42-110b et seq. and committed fraud in the course of pursuing the discharge of a lis pendens Knudsen obtained against the defendants in the matter of Shawmut Bank v. Knudsen, Superior Court, Judicial District of Danbury, Docket No. 31 63 56. On July 20, 1994, this court CT Page 12652-BB discharged the lis pendens. Thereafter, the matter was appealed to the Appellate Court and affirmed in a per curiam decision.Shawmut Bank v. Lise-Lotte Knudsen, 38 Conn. App. 919, 919-20,659 A.2d 1240 (1995). The Supreme Court denied certification on October 5, 1995. Shawmut Bank v. Lise-Lotte Knudsen, 235 Conn. 920, ___ A.2d ___ (1995).
On June 13, 1995, the defendants filed a motion to dismiss based on the prior pending action doctrine and res judicata. They also filed a brief in support of their position.
On June 14, 1995, Knudsen filed a brief in opposition to the defendants' motion.
I. PRIOR PENDING ACTION DOCTRINE
A motion to dismiss is the proper vehicle to raise the prior pending action doctrine although the doctrine does not actually implicate the court's subject matter jurisdiction. Gaudio v.Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212, cert. denied,217 Conn. 803, 584 A.2d 471 (1990). "Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal." Id., 295. "When two separate suits CT Page 12653 are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious." Id.
In the present case, the prior pending action has been disposed of and is no longer pending. See Shawmut Bank v.Lise-Lotte Knudsen, supra, 235 Conn. 920 (motion for certification denied). Therefore, the doctrine has no application to this case since there is no longer a prior pending action. See Ying ShanCorporation v. Cruz, Superior Court, Judicial District of New Haven, Docket No. 34 24 39 (April 27, 1995, Levine, J.) (where first case is no longer pending "the prior pending action rule cannot be invoked"). As a result, the court denies the defendants' motion on this ground.
II. RES JUDICATA AND COLLATERAL ESTOPPEL
The defendants' second ground for the motion to dismiss is based on res judicata and collateral estoppel. It is inappropriate for the court to address the defenses of res judicata and collateral estoppel on a motion to dismiss.
"`Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. Practice Book § 164. It may not be raised by a motion to dismiss.' Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). The appropriate method to proceed on the defense of res judicata is to first specially plead it; id.; and then move for summary judgment. Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993)."Valley View Construction v. Sedotto, Superior Court, Judicial District of Danbury, Docket No. 31 87 26, pp. 4-5 (July 12, 1995, Stodolink, J.).
Therefore, the court denies the defendants' motion to dismiss on this ground.
Accordingly, based on the foregoing, the court denies the defendants' motion to dismiss.
Stodolink, J. CT Page 12654